# RELEASE AND SETTLEMENT AGREEMENT

This Release of Settlement Agreement (the "Agreement") is made effective as of the 17TH day of September, 2014, by and between Robert Genova, a Georgia resident with an address of 4721 Goldmine Drive, Cumming, Georgia 30040 ("Genova"), and TGR Construction, INC., a Georgia corporation with an address of 3111 Moonstation Road, Suite 200, Kennesaw, GA 30144 ("TGR").

WHEREAS, Genova was employed by TGR; and

WHEREAS, Genova did terminate his employment with TGR; and

WHEREAS, Genova has made certain claims in Robert Genova v. TGR Construction, LLC, Case No. 1:14-cv-2542 in the United States District Court for the Northern District of Georgia (the "Complaint"); and

WHEREAS, TGR does deny Genova's claims as set forth in the Complaint; and

WHEREAS, the parties desire to resolve any and all disputes set forth in the Complaint, including those regarding Genova's employment and demands for wages and any other amounts due therefor and/or arising therefrom.

NOW THEREFORE, for and in consideration the covenants and premises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, do hereby agree as follows:

1. Settlement.

   A. The parties agree to execute this Agreement and forward an electronic copy of the executed counterpart thereof to the opposing party's legal counsel on or before September 10, 2014.

   Genova Legal Counsel:
   V. Severin Roberts
   severin@bf-llp.com
   Barrett & Farahany, LLP
   1100 Peachtree Street, NE, Suite 500
   Atlanta, Georgia 30309
   Telephone: 404-214-0120
   Facsimile: 404-214-0125

   TGR Legal Counsel:
   Shannan S. Collier
   shannan@sscollier.com
   The Law Office of Shannan S. Collier, PC
   3330 Cumberland Blvd., Suite 400
   Atlanta, GA 30339
   Telephone: 404-419-7113
   Facsimile: 866-550-2234

   B. The Parties shall work together to prepare and file a motion for settlement approval and dismissal with prejudice of the Complaint on or before September 13, 2014.

2. SETTLEMENT SUM: As consideration for signing this Agreement and compliance with the promises made herein, TGR agrees to pay Plaintiff a total of TWENTY SEVEN THOUSAND DOLLARS ($27,000.00) as follows:

   A. EIGHT THOUSAND ONE HUNDRED DOLLARS ($8,100.00) shall be made payable to Genova for actual damages, less required withholdings; and,

   B. EIGHT THOUSAND ONE HUNDRED DOLLARS ($8,100.00) shall be made payable to Genova for liquidated damages, for which an IRS Form 1099 shall be issued; and,

Release and Settlement Agreement   Page 1   Initials: 

C. The payments set forth above in Sec. 2 (A)-(B) shall be made in 14 equal payments of ONE THOUSAND ONE HUNDRED AND FIFTY SEVEN DOLLARS AND 14/100 ($1,157.14) (less applicable withholdings on half of this amount) each to be made on or before the twentieth (20th) day of each month following the Effective Date of this Agreement until the entire Settlement Payment is paid in full (the "Effective Date" defined as the first day after the Court has issued an order dismissing the claims).

D. In addition to payments made to Genova, TGR will further make payments for Genova's costs and attorney's fees in pursuing this matter. The total amount of such costs and attorney's fees is TEN THOUSAND EIGHT HUNDRED DOLLARS ($10,800.00).

E. The payments set forth above in Sec. 3(D) shall be made in 14 equal payments of SEVEN HUNDRED SEVENTY SEVEN DOLLARS AND 42/100 ($771.42) to Barrett & Farahany, LLP each to be made on the twentieth (20th) day of each month following the Effective Date of this Agreement until the entire Settlement Payment is paid in full (the "Effective Date" defined as the first day after the Court has issued an order dismissing the claims).

3. Releases.

A. As long as Genova is in compliance with all of the terms, conditions and obligations contained in this Agreement, TGR, its past, present and future agents, attorneys, affiliates, associates, owners, officers, directors, employees, heirs, successors and assigns, do hereby now and forever discharge, release and remise Genova, his past, present and future agents, attorneys, affiliates, associates, employees, heirs, successors and assigns from and against any and all causes of actions, demands, claims, debts, accounts, liabilities, costs, expenses, contracts, promises and damages whatever which may now exist or have existed as a result of each of the employment relationships between the parties and arising out of the Complaint as of the date of the execution of this Agreement.

B. As long as TGR is in compliance with all of the terms, conditions and obligations contained in this Agreement, Genova, his past, present and future agents, attorneys, affiliates, associates, employees, heirs, successors and assigns, do hereby now and forever discharge, release and remise TGR, its past, present and future agents, attorneys, affiliates, associates, owners, officers, directors, employees, heirs, successors and assigns from and against any and all causes of actions, demands, claims, debts, accounts, liabilities, costs, expenses, contracts, promises and damages whatever which may now exist or have existed as a result of each of the employment relationships between the parties and arising out of the Complaint as of the date of the execution of this Agreement.

4. Confidentiality. The parties understand and agree that the terms and contents of this Agreement, and the contents of the discussions resulting in this Agreement, shall be strictly maintained as confidential, and none of the above shall be disclosed except to the extent required by federal or state law. The parties acknowledge that any violation of this paragraph would cause substantial irreparable injury. Accordingly, the parties agree that a remedy at law for any breach of this paragraph would be inadequate and that the parties, in addition to any other remedies available, shall be entitled to obtain preliminary and permanent injunctive relief to secure specific performance of this paragraph and to prevent a breach or contemplated breach of this Agreement without the necessity of proving actual damage. The only exceptions to this subsection is that the Agreement may be (a) used as evidence in a subsequent proceeding in which any of the parties allege a breach of the Agreement; (b) disclosed to agents and representatives of the respective parties to the extent necessary to comply with the terms hereof or any other legal obligation.

5.    <u>No Admission of Liability</u>. The parties each fully accept, understand and acknowledge that the other denies any and all responsibility or liability for the claims being released, and nothing in this Agreement shall constitute or be deemed an admission of any fault, obligation, responsibility, or liability in connection with any such claims.

6.    <u>Covenant against Further Actions or Proceedings</u>. Except and only to the extent necessary to enforce a right, duty or obligation created by this Agreement, the parties each covenant and agree that they will not, either alone or in concert with others, or by virtue of any judicial, administrative, or other proceedings of any kind whatsoever, make or cause to be made, acquiesce in or assist in the bringing of any action for damages or other compensation or relief of any kind, character, or description, accruing or hereafter to accrue, whether by assignment or otherwise, for, because or account of, or in any manner connected with, arising from or growing out of the parties' relationship. This paragraph shall not be interpreted as limiting the restrictions set forth in the Releases but shall work in concert with the Releases.

7.    <u>Representations and Warranties</u>. The parties further represent and warrant to the other that (a) they have the full legal and mental capacity to make and execute this Agreement; (b) the undersigned are not laboring under any disability in the execution hereof; (c) they are authorized to so execute this Agreement; and (d) this Agreement shall be fully binding upon each of the executing parties.

8.    <u>Miscellaneous</u>.

    A.    This Agreement and its enforcement and interpretation shall be governed by Georgia law. This Agreement shall be binding upon and inure to the benefit of the parties, their respective heirs, administrators, executors, successors, and assigns.

    B.    The failure of the parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement shall not be a waiver of such terms or conditions or of any of the parties' right thereafter to enforce each and every term and condition of this Agreement.

    C.    Should any clause, sentence, provision, paragraph or part of this Agreement for any reason whatsoever, be adjudged by any court of competent jurisdiction, or be held by any other competent government authority having jurisdiction, to be invalid, unenforceable, or illegal, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph or part of this Agreement directly involved, and the remainder of this Agreement shall remain in full force and effect.

    D.    This Agreement constitutes the entire settlement agreement between the parties and supersedes all prior or contemporaneous oral or written agreements or understandings between the parties with respect to the subject matter hereof. The parties hereby expressly acknowledge that they have read this Agreement, and that they enter into such Agreement without reliance upon any representations, statements, or understandings other than those expressly contained herein. No amendment to or modification of this Agreement shall be binding or valid unless it is in writing signed by the parties.

    E.    Notice shall be delivered to the parties by any means which provides a receipt to the delivering party and at the addresses hereinabove provided.

Release and Settlement Agreement           Page 3           Initials: 

IN WITNESS WHEREOF, the parties hereto have set their hands and seals effective as of the date hereinabove indicated.

TGR CONSTRUCTION, INC.

_____(SEAL)
By: Ben Suttles, CFO

_____(SEAL)
Robert Genova

_____
Witness

_____
Witness